UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS DOMINGUEZ #257735,

    Plaintiff,

vs.
                                        Case No. 05-CV-72015
                                        HON. GEORGE CARAM STEEH

WILLIAM OVERTON, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT
## FLETCHER'S MOTION FOR A STAY PENDING APPEAL (#143)

Defendant Fletcher moves for a stay of proceedings pending her appeal of the court's February 14, 2008 partial denial of her motion to dismiss an Eighth Amendment claim of deliberate indifference to medical needs, and a state law claim of gross negligence.

Plaintiff Luis Dominguez, a state prisoner, alleges in his September 15, 2005 First Amended Complaint that the several defendants are liable under 42 U.S.C. § 1983 for Eighth Amendment violations of excessive use of force, deliberate indifference to his serious need for medical treatment relative to heat stroke, and supervisory liability. Dominguez also alleges state law claims of gross negligence. The court issued a February 14, 2008 order granting summary judgment of all claims, as to all defendants, except as to defendant Registered Nurse (RN) Fletcher. The court granted RN Fletcher's motion for summary judgment as to the § 1983 excessive force and supervisory liability claims, and denied summary judgment as to the § 1983 Eighth Amendment claim of deliberate

indifference to medical needs, and state law claim of gross negligence.  RN Fletcher filed a notice of appeal and the instant motion to stay proceedings on February 19, 2008.  In moving for a stay pending appeal, RN Fletcher argues that the denial of summary judgment on the grounds of qualified immunity is immediately reviewable on appeal, and that she should be spared the time, expense, and undue burden of proceeding to trial pending appeal.

A party seeking to stay a district court order pending appeal must first move for relief in the district court.  Fed. R. App. P. 8(a)(1)(A).  In deciding whether to grant a stay pending appeal, the district court should consider the same factors traditionally considered in determining whether to grant preliminary injunctive relief: (1) the likelihood that the appealing party will prevail on the merits; (2) the likelihood the appealing party will be irreparably harmed if the stay is not granted; (3) the prospect that others will be harmed if the stay is not granted; and (4) the public interest in granting a stay.  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).  These factors are not independent prerequisites, but interrelated considerations that should be balanced together.  Id.

RN Fletcher has not attempted to address the above four factors, but instead argues that the basis of the appeal alone, qualified immunity, warrants a stay of proceedings.  RN Fletcher does not explain why she is likely to prevail on the merits of her appeal under the specific circumstances of this case.  "[O]fficials may immediately appeal an adverse ruling on their defense of qualified immunity; however, they may only do so if the appeal presents a neat abstract [issue] of law rather than the question of whether the record demonstrates a genuine issue of fact for trial."  Hoover v. Radabaugh, 307 F.3d 460, 465 (6th Cir. 2002)

(internal quotations omitted). It is unlikely that RN Fletcher will prevail on appeal on her pure legal argument that, as of July 7, 2002, the date of the alleged incident, it was not clearly established in federal law that deliberate indifference to medical needs is actionable under § 1983 and the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In addition to failing to persuade the court of a likelihood of prevailing on appeal, RN Fletcher has not addressed whether she or others will be irreparably harmed if a stay is not granted, or whether the public interest weighs in favor of granting a stay. Griepentrog, 945 F.2d at 153. Balancing all of the relevant factors,

RN Fletcher's motion for a stay pending appeal is hereby DENIED.

SO ORDERED.

Dated: February 21, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---