UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS DOMINGUEZ #257735,

    Plaintiff,

vs.

Case No. 05-CV-72015
HON. GEORGE CARAM STEEH

WILLIAM OVERTON, et al.,

    Defendants.

_____/

ORDER DENYING RN FLETCHER'S MOTION FOR RECONSIDERATION (# 146)

Defendant Registered Nurse (RN) Fletcher moves for reconsideration of the court's February 21, 2008 Order denying her motion under Federal Rule of Appellate Procedure 8(a)(1)(A) for a stay pending appeal of the denial of her motion for summary judgment. In seeking reconsideration, RN Fletcher must demonstrate a palpable defect by which the court and the parties have been mislead, and show that correcting the defect will result in a different disposition of her motion for a stay pending appeal. See E.D. Mich. LR 7.1(g)(3).

Federal Rule of Appellate Procedure 8(a)(1) provides:

**Rule 8. Stay or Injunction Pending Appeal**

**(a) Motion for Stay**

**(1) Initial Motion in the District Court.** A party must ordinarily move first in the district court for the following relief:
**(A)** a stay of the judgment or order of a district court pending appeal;
**(B)** approval of a supercedes bond; or
**(C)** an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Consistent with the language of Rule 8(a)(1), a district court is not divested of ruling on a

motion for a stay pending appeal after a party has "taken the normally jurisdiction-divesting action of filing a notice of appeal to the Court of Appeals[.]" Freethought Society v. Chester County, 194 F.Supp.2d 437, 439, 439 n.2 (E.D. Penn. 2002) (acknowledging that a district court enjoys continuing jurisdiction to rule on Rule 8(a)(1)(A) and (C) motion as it does under Federal Rule of Civil Procedure 62(c)). RN Fletcher's argument that the court lacked jurisdiction to rule on her Rule 8(a)(1)(A) motion for a stay pending appeal is without merit.

RN Fletcher's argument that the court should not have applied a four-factor analysis in denying her motion for a stay is also without merit. As explained by the Supreme Court:

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed.Rule.Civ.Proc. 62(c); Fed.Rule App.Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). See also Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (recognizing that: "In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction."). The panel of the Sixth Circuit in Grose v. Caruso, No. 07-1546 (Oct. 31, 2007) did not reject a four-factor analysis in granting certain defendants a stay of discovery, but simply exercised its own appellate jurisdiction on concluding that the Grose defendants "appear to have articulated nonfactual issues for this court's review." Grose, No. 07-1546, at 2 (citing Livermore ex rel Rohm v. Lubelan, 476 F.3d 397, 403 (6th Cir. 2007)).

A finding of "nonfactual issues" is critical in determining whether an interlocutory appeal is appropriate.

> . . . . [28 U.S.C. § 1291] grants us jurisdiction to hear appeals from final judgments of district courts. A denial of summary judgment is generally not a final judgment. However, district court denials of qualified immunity may be appealed as collateral orders where (1) the defendant is a public official asserting the defense of qualified immunity, and (2) the issue appealed concerns not which facts the parties might be able to prove, but whether certain alleged facts reflect a violation of clearly established law. . . . . Adding one final wrinkle, the Supreme Court held in <u>Johnson v. Jones</u>, 515 U.S. 305, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), that circuit courts do not always have jurisdiction over interlocutory appeals from a district court denial of summary judgment on qualified immunity; jurisdiction exists only where the district court's ruling is confined purely to questions of law. Therefore, officials may immediately appeal an adverse ruling on their defense of qualified immunity; however, they may only do so if the appeal presents a "neat abstract [issue] of law rather than the question whether the record demonstrates a genuine issue of fact for trial." Phelps [v. Coy, 286 F.3d 295, 298 (6th Cir. 2002)], quoting <u>Berryman v. Rieger</u>, 150 F.3d 561, 563 (6th Cir. 1998) (internal quotations and citations omitted).

<u>Hoover v. Radabaugh</u>, 307 F.3d 460, 465 (6th Cir. 2002) (certain internal citations omitted). RN Fletcher's authority, <u>Dominque v. Telb</u>, 831 F.2d 673 (6th Cir. 1987), is consistent with <u>Hoover</u> when fully quoted:

> [T]he district court must decide <u>the purely legal question</u> of whether the law at the time of the alleged action was clearly established in favor of the plaintiff. A decision for the plaintiff on this issue enables the defendant to perfect an appeal if he disagrees with the trial court's legal result.

<u>Id</u>. at 677 (emphasis added).

As this court observed in denying RN Fletcher's motion for a stay pending appeal:

> . . . . RN Fletcher does not explain why she is likely to prevail on the merits of her appeal under the specific circumstances of this case. "[O]fficials may immediately appeal an adverse ruling on their defense of qualified immunity; however, they may only do so if the appeal presents a neat abstract [issue] of law rather than the question of whether the record demonstrates a genuine issue of fact for trial." <u>Hoover v. Radabaugh</u>, 307 F.3d 460, 465 (6th Cir. 2002) (internal quotations omitted). It is unlikely that RN Fletcher will prevail on appeal on her pure legal argument that, as of July 7, 2002, the date of the alleged incident, it was not clearly established in federal law that deliberate indifference to medical needs is actionable under § 1983 and the Eighth Amendment. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

February 21, 2008 Order, at 2-3. In moving for reconsideration, RN Fletcher has not

articulated the purely neat abstract question of law she intends to pursue on appeal in challenging the court's ruling that a question of fact remains whether she was deliberately indifferent to Dominguez's serious medical needs.  Accordingly, RN Fletcher has failed to demonstrate the court palpably erred in denying her motion for a stay pending appeal.

RN Fletcher's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated:  February 28, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk