UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LUIS DOMINGUEZ,

        Plaintiff,

                                      Case No. 05-CV-72015
vs.                               HON. GEORGE CARAM STEEH


CORRECTIONAL MEDICAL SERVICES, et al.,

        Defendants.

_____/

ORDER DENYING DEFENDANT'S MOTION TO
AMEND SCHEDULING ORDER (# 160),
STRIKING DEFENDANT'S MOTIONS TO DISMISS (# 159, #174), AND
DENYING DEFENDANT'S MOTION TO STRIKE WITNESS LIST (# 161)

Defendant Julie Fletcher moves to amend the April 2, 2009 Scheduling Order by 90 days, to dismiss plaintiff Dominguez's state law claim of gross negligence, to dismiss Dominguez's claim for money damages as alleged against Fletcher in her official capacity, and to strike Dominguez's July 17, 2006 Supplemental Witness List.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

The circumstances of this case are set forth in prior opinions and orders, and will be reiterated herein only to the extent necessary.  Plaintiff Dominguez filed this lawsuit on May 20, 2005 alleging federal 42 U.S.C. § 1983 claims of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment, and state law claims of gross negligence, regarding an alleged lack of treatment he received on July 7, 2002 for heat stroke while an inmate at Michigan's Carson City Correctional Facility. Defendants Correctional Medical Services ("CMS"), Physician's Assistant Boomershire,

CMS Director Dr. Hutchinson, and Dr. Dorr were dismissed without prejudice on April 29, 2007.  On February 14, 2008, the court granted summary judgment in favor of the remaining defendants except as to defendant Nurse Fletcher and Dominguez's Eighth Amendment claim of deliberate indifference to medical needs and state law claim of gross negligence.  A panel of the Sixth Circuit affirmed on February 17, 2009, issuing its mandate on March 11, 2009.  See Dominguez v. Correctional Medical Services, 555 F.3d 543 (6th Cir. 2009).  Following an April 2, 2009 status conference, the court issued its April 2, 2009 Scheduling Order requiring the Joint Final Pretrial Order to be filed by June 24, 2009, scheduling the Final Pretrial Conference for July 1, 2009, and setting a jury trial for July 14, 2009.

### I.  Amend April 2, 2009 Scheduling Order

Nurse Fletcher moves to extend the dates in the April 2, 2009 Scheduling Order by 90 days to conduct further fact discovery, arguing her and her state co-defendants' prior focus on legal issues such as immunity and deliberate indifference caused defense counsel to conduct narrower discovery for the good faith purpose of promoting judicial economy. Nurse Fletcher also notes that new defense counsel was substituted on April 20, 2009.

A court's scheduling order may be modified only for good cause, and only with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  Inge v. Rock Financial Corporation, 281 F.3d 613, 625 (6th Cir. 2002) (internal citation omitted).

Defense counsel's litigation tactic does not demonstrate due diligence in meeting the court's April 11, 2007 Discovery Order scheduling discovery cut-off for May 15, 2007 (except for expert reports) and a dispositive motion cut-off of June 15, 2007 (the court's May 9, 2007 Stipulated Order required expert reports to be filed by July 10, 2007).  Since

2

the court entered its initial July 14, 2005 Scheduling Order, Nurse Fletcher has had almost two years to conduct discovery.  This matter was not bifurcated for purposes of discovery.  Substitution of counsel by the Michigan Department of Attorney General on April 20, 2009, two weeks after the current Scheduling Order entered, does not support a finding of due diligence.  This lawsuit has been pending for over four years.   Nurse Fletcher has failed to demonstrate good cause for extending the April 2, 2009 Scheduling Order by 90 days.  Inge, 281 F.3d at 625.

The court notes that Dominguez, in his May 19, 2009 response, does not oppose a 90-day extension to allow depositions to be taken of expert witnesses, and to allow substituted defense counsel further time to review this case.  As reasoned above, such does not constitute good cause for extending the April 2, 2009 Scheduling Order.  In a separate June 2, 2009 letter faxed to the court, copy furnished to defense counsel, Dominguez's Counsel asks to reschedule trial in late September or October due to Dominguez's fragile medical condition that causes Dominguez to suffer seizure-like behaviors when he is moved from high outside temperatures into cold air-conditioned facilities.  The court will make every effort to accommodate Dominguez's medical needs.  While Michigan weather and this antiquated Courthouse are subject to big swings in temperature, at all times of the year, the Courtroom temperature can be controlled/moderated in order to minimize the risks posed to plaintiff Dominguez.

Defendant Fletcher's motion to amend the April 2, 2009 Scheduling Order will be denied.

## II. Fletcher's Motions to Dismiss

Fletcher filed a May 5, 2009 motion to dismiss Dominguez's state law gross negligence claim, and a June 1, 2009 motion to dismiss Dominguez's § 1983 claim to the extent Dominguez seeks monetary damages from Nurse Fletcher in her individual capacity.

3

The motions were filed well after the June 15, 2007 dispositive motion cut-off date, and within weeks of the April 2, 2009 Scheduling Order requiring the Joint Final Pretrial Order to be filed by June 24, 2009, and scheduling trial for July 14, 2009. The motions will be struck as untimely. The court notes that it is not inclined to decline exercising supplemental jurisdiction at this late date, and that Fletcher has also been sued in her individual capacity.

### III.  Fletcher's Motion to Strike Witness List

Fletcher filed a motion to strike Dominguez's July 17, 2006 Second Supplemental Witness List as naming "thousands of witnesses." Fletcher argues that striking the witness list will promote the inexpensive determination of this lawsuit as envisioned under Federal Rule of Evidence 1.

Striking the entire witness list will not promote the inexpensive determination of this lawsuit. Fletcher has not previously objected to the witness list. Fletcher may move at trial to exclude specific witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1).

For the reasons set forth above, defendant Fletcher's motion to amend the April 2, 2009 Scheduling Order is hereby DENIED. Defendant Fletcher's motions to dismiss are hereby STRICKEN as untimely. Defendant Fletcher's motion to strike Dominguez's July 17, 2006 Second Supplemental Witness List is hereby DENIED.

SO ORDERED.

Dated:  June 3, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 3, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk